UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
IN ADMIRALTY

GREAT LAKES INSURANCE SE,

    Plaintiff,

                                            CASE NO. XXXXXXXXX

v.

MARTIN ANDERSSON,

    Defendant.

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, GREAT LAKES INSURANCE SE, by and through its undersigned attorneys, pursuant to Rule 8 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts, and for its Complaint seeking this Court's Declaratory Judgment would respectfully state as follows:

### JURISDICTION AND VENUE

1. This is an action for declaratory relief pursuant to Title 28 of the United States Code, sec. 2201 et seq, in that a present controversy exists between the parties hereto in which the Plaintiff asks this Court to adjudicate and determine the rights of the parties to a contract of marine insurance which is in dispute.

2. Venue lies within the District of Massachusetts as this cause arises out of a policy of marine insurance delivered by the Plaintiff to the above-named Defendant, MARTIN ANDERSSON, via the said Defendant's agent with its office located in Fort Lauderdale, Florida.

3. This is an admiralty and maritime cause within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has jurisdiction pursuant to Title 28 of the United States Code, sec. 1333.

1

4. Plaintiff, GREAT LAKES INSURANCE SE, (hereinafter "GLI") is a corporation organized and existing under the laws of the United Kingdom, with its office and principal place of business located in the United Kingdom, in the City of London.

5. Upon information and belief, the Defendant MARTIN ANDERSSON (hereinafter "ANDERSSON") is a citizen of and a resident of the State of Massachusetts.

## FACTUAL ALLEGATIONS

6. On or about December 21, 2018, the Plaintiff "GREAT LAKES" in exchange for good and valuable consideration issued to the Defendant named herein its Marine Insurance Policy No. CSRYP/172119 affording Hull & Machinery coverage in the amount of $365,000.00 on a 2000 47' Catana vessel named "MELODY" which was alleged to be owned by the said Defendant.

7. A true and correct copy of the Policy Schedule and the policy language for Plaintiff's Policy No. CSPYP/172119 is attached hereto as Exhibit 2.[1]

8. The coverage afforded under Policy No. CSRYP/172119 was effective for the period from December 21, 2018 through December 21, 2019.

9. On or about December 14, 2019, while Plaintiff's Policy No. CSRYP/172119 was in full force and effect, the vessel insured thereunder departed from the Port of Varadero, Aruba. On board were the Defendant "ANDERSSON" and a second individual, Ronald Naranja, as crew. The vessel's intended destination was St. Martin.

10. On or about December 16, 2019, while Plaintiff's Policy No. CSRYP/172119 was in full force and effect, the 2000 47' ft Catana named "MELODY" was attempting to enter the Port of Boca Chica in the Dominican Republic. At the said time and date, the vessel struck a

---

[1] The Civil Cover Sheet is attached hereto as Exhibit 1.

breakwater and became stranded, resulting in extensive damage to the hull, engine, mechanical and electrical elements.

11. Upon receipt of the first notice of the December 16, 2019 incident described herein, Plaintiff caused an investigation to be made into the facts and circumstances surrounding the said incident.

12. The said investigation established that, during the period between the departure of the vessel from Aruba on December 14, 2019 and a course change executed due to weather on December 15, 2020, Ronald Naranjo was "at the helm" of the vessel, was "navigating" the vessel, and was "operating" the vessel (as that term is defined by Policy No. CSRYP/172119).

13. The "operation" of the vessel by Ronald Naranjo during the period between the departure of the vessel from Aruba on December 14, 2019 and a course change executed due to weather on December 15, 2020 constitutes a breach of the Named Operator Warranty contained in Policy No. CSRYP/172119.

14. Notwithstanding the facts established by Plaintiff's said investigation, the Defendant has made a claim against the Plaintiff under the terms of Policy No. CSPYP/172119 demanding payment of the full insured value of the vessel or the full price for effecting extensive repairs the vessel insured under the terms of the said policy.

## **FIRST CAUSE OF ACTION**

15. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 14 as if set forth fully herein.

16. Plaintiff's policy states, in pertinent part:

"It is warranted that the Scheduled Vessel will be operated only by covered persons. However, in the event of an incident occurring when the vessel is being operated by any person other than a covered person that may give rise to a claim under this insurance, you have a period of seven days following such an incident to submit

3

details of the operator for retroactive approval by underwriters.  Such approval not to be unreasonably withheld."

17. The Policy defines "covered person" as "you, and/or any person detailed on your application form which has been submitted by you and approved by us, provided that person has been declared to us in writing as an operator of the Scheduled Vessel."

18. The Policy defines "operate", "operation", and "operating" as "to navigate or to be in physical control of or to be at the helm of the Scheduled Vessel."

19. Policy states that "[w]here any term herein is referred to as a 'warranty' or where any reference is made herein to the word 'warranted', the term shall be deemed a warranty and regardless of whether the same expressly provides that any breach will void this insuring agreement from its inception, it is hereby agreed that any such breach will void this policy from inception."

20. The post-incident investigation carried out by the Plaintiff established that Ronald Naranjo "operated" the vessel (as that term is defined by Policy No. CSRYP/172119) on December 14, 2019 and December 15, 2019 during the period prior to the vessel executing a course change necessitated by weather.

21. The Defendant named herein was therefore in breach of the Named Operator Warranty set forth in Plaintiff's policy of marine insurance and therefore was in breach of the duties imposed upon the Defendant by the express terms of the Plaintiff's policy.

22. Defendant's breach of the express warranty set forth in the Plaintiff's policy of marine insurance renders the said policy void *ab initio* and/or entitles the Plaintiff to declare the said policy void.

23. Defendant's breach of the warranty set forth in the Plaintiff's policy of marine insurance permits the Plaintiff to avoid liability for the costs of repairing or replacing the vessel as a result of the incident of December 16, 2019.

24. Notwithstanding the said breach of an express warranty and the lack of any coverage under Plaintiff's policy of marine insurance, the Defendant named herein has made demand upon Plaintiff for payment of an amount equal to the full insured value of the vessel or to the full amount necessary to effect repairs to, or in the alternative, to replace, the vessel insured under the terms of the said policy of marine insurance.

25. As a result of the Defendant's breach of an express warranty and the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/172119.  Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

26. As a result of the Defendants demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

WHEREFORE, Plaintiff demands judgment from the Court:

(A) Declaring that the relationship of insurer and insured does not exist between Plaintiff and the Defendant named herein as regards the incident of December 16, 2019 in which the insured vessel sustained damage;

(B) Declaring that Plaintiff's Policy No. CSRYP/172119 does not afford coverage to the Defendant named herein for the incident of December 16, 2019 in which the insured vessel sustained damage;

(C) Declaring that the breach of the policy's Named Operator Warranty by the Defendant as described herein voids the Plaintiff's Policy No. CSRYP/164007 *ab initio* and relieves the Plaintiff from any and all liability to the said Defendant under the terms of the Hull & Machinery coverage afforded under the said policy of marine insurance;

(D) Any and all such other and further relief as the Court may deem proper and appropriate in the premises.

Dated: August 12, 2021
Boston, Massachusetts

                              GOLDMAN & HELLMAN
                              Attorneys for Plaintiff
                              233 Harvard Street
                              Suite 211
                              Brookline, MA 02446
                              Tel (617) 566-4200
                              Cel (617)320-9854
                              Fax (617) 566-4292

                By:     /s/ Michael I. Goldman
                         MICHAEL I. GOLDMAN ESQ.