UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
IN ADMIRALTY

|  |  |  |
|---|---|---|
| GREAT LAKES INSURANCE SE, | ) ) ) | |
| Plaintiff | ) ) | CIVIL ACTION |
| v. | ) ) | NO. 21-40087- TSH |
| MARTIN ANDERSSON, | ) ) ) | |
| Defendant. | ) ) ) | |

ORDER ON DEFENDANT'S
MOTION TO DISMISS AND MOTION FOR SANCTIONS
September 19, 2022

**Hillman, SJ.**

This case involves a dispute about coverage under a marine insurance policy and specifically, whether the owner of a catamaran is to be indemnified with respect to a 2019 sailing accident that destroyed the insured vessel. The case arises out of the same facts as *Great Lakes Insurance SE v. Andersson*, Civil Action No. 4:20-cv-40020 (D.Mass) ("*Andersson I*").

On December 21, 2018, Andersson purchased a $365,000 marine insurance policy from GLI for his catamaran, *The Melody*). The Policy became void *ab initio* if Andersson breached a number of warranties, including sailing beyond the Policy's navigational limits, failing to maintain the vessel in a seaworthy condition, or allowing an unapproved operator to navigate, operate, or be "at the helm."

On December 16, 2019, *The Melody* sustained catastrophic damage when she hit a breakwater and became stranded in open water near the Port of Boca Chica in the Dominican

Republic. (Comp. ¶ 10, Docket No. 1). GLI refused to cover the cost of salvage, repair, or replacement on two grounds: that Andersson had sailed beyond the Policy's navigational limits and that the Melody was not seaworthy during Andersson's ill-fated three-day voyage from Aruba to St. Martin. (¶¶ 12-14). GLI filed *Andersson I* seeking a declaration that it had no coverage obligation to Andersson under the Policy for any losses arising out of *The Melody*'s stranding

After discovery was closed and the scheduling order's deadline for amending pleadings had passed, GLI sought the Court's leave to amend to add a claim alleging Andersson had violated the policy's Named Operator Warranty, and the motion was denied by this Court as untimely and unfairly prejudicial to Andersson. On August 6, 2021, GLI filed a Notice of Appeal of the trial court's order denying the motion for leave to amend and of the order denying reconsideration. After filing its appeal, GLI filed this lawsuit restating the claim it sought to add through the motion for leave to amend as a separate action. The First Circuit dismissed the interlocutory appeal for lack of jurisdiction pursuant to 28 U.S.C. § 1292(a)(3).[1] For the reasons stated herein, the motion to dismiss is **granted**.

## Discussion

Under the doctrine of res judicata, or claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were raised or could have been raised in that action." *Hatch v. Trail King Indus., Inc.*, 699 F.3d 38, 45 (1st Cir. 2012)

---

[1] The right to file an interlocutory appeal during the pendency of an admiralty lawsuit is created by statute and limited in scope by the narrow interpretation of that statute: "(3) Interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed." 28 U.S.C. § 1292(a)(3). The body of caselaw interpreting that statute has determined there is no jurisdiction over an interlocutory appeal in admiralty where a ruling leaves a party with the means to seek the remedy it is seeking. The Court agrees with Andersson that the First Circuit's denial of jurisdiction at this time does not bar GLI from obtaining the remedy of a declaratory judgment through its remaining arguments, nor does it prevent GLI from seeking appellate relief after a final judgment is entered in *Andersson I*.

(internal quotation marks and citation omitted); *Windham v. J.P. Morgan Chase*, NA, No. 18-10402-FDS, 2018 WL 2739967, at *2 (D.Mass. Apr. 20, 2018). "To establish claim preclusion, the defendant must show that '(1) the earlier suit resulted in a final judgment on the merits, (2) the causes of action asserted in the earlier and later suits are sufficiently identical or related, and (3) the parties in the two suits are sufficiently identical or closely related.' " *Metzler Asset* Mgmt. *GmbH v. Kingsley*, 928 F.3d 151, 156 (1st Cir. 2019) (*quoting Airframe Sys., Inc. v. Raytheon Co.*, 601 F.3d 9, 14 (1st Cir. 2010)); see also id. at 46-47 (explaining that claim preclusion under Massachusetts law operates the same way as claim preclusion under federal law). The doctrine serves two important functions: (1) "protecting litigants against gamesmanship and the added litigation costs of claim-splitting," and (2) "preventing scarce judicial resources from being squandered in unnecessary litigation." *Airframe Sys., Inc. v. Raytheon Co.*, 601 F.3d 9, 14 (1st Cir. 2010).

Under Federal law, "[i]t is well settled that denial of leave to amend constitutes res judicata on the merits of the claims which were the subject of the proposed amended pleading." *Hatch*, supra at 45–46, *quoting King v. Hoover Group, Inc.*, 958 F.2d 219, 222–223 (8th Cir.1992). *See Huck v. Dawson*, 106 F.3d 45, 49–50 (3d Cir.), cert. denied, 520 U.S. 1276, 117 S.Ct. 2458 (1997). This is the rule even when the denial of the motion to amend was not appealed. *See Qualicare–Walsh, Inc. v. Ward*, 947 F.2d 823, 826 (6th Cir.1991) (where the judge denied a request to amend the complaint and the plaintiffs chose not to appeal, the judge's determination became a final judgment and the doctrine of res judicata applied); *EFCO Corp. v. U.W. Marx, Inc.*, 124 F.3d 394, 399–400 (2d Cir.1997) ("Where a plaintiff's motion to amend its complaint *438 in the first action is denied, and plaintiff fails to appeal the denial, res judicata applies to the claims sought to be added in the proposed amended complaint"). "It is widely

accepted that appeal is the plaintiff's only recourse" when a motion to amend is denied as untimely. *Johnson v. SCA Disposal Servs. of New Eng., Inc*., 931 F.2d 970, 976 & n.19 (1st Cir. 1991). Other circuits have also found that denial of a motion to amend constitutes a decision of the merits for res judicata purposes. In *Arrigo v. Link Stop, Inc*., the US Court of Appeals for the Seventh Circuit, joined other circuits in holding that a trial court's denial of a motion to amend constitutes a decision on the merits for res judicata purposes. *Arrigo v. Link*, 838 F.ed. 787, 799 (7th Cir. 2016).  See also *Christman v. Saint Lucie Cty., Fla*., 509 Fed.Appx. 878, 879 (11th Cir. 2013) (unpublished).

  Andersson moves to dismiss on the basis of res judicata, while GLI argues that the application of res judicata here is improper because it contends that the denial of a motion to amend the complaint is not a final judgment on the merits"  within the meaning of claim preclusion. There is no dispute that this case arises out of the same incident as GLI's previous lawsuit. There is also no dispute that GLI is raising the same claim that they attempted to raise in their previous lawsuit. Under these circumstances, the rule from *Hatch* applies, and the new lawsuit is precluded. Allowing GLI to proceed here would result in the very prejudice and inefficiency that this Court's denial of GLI's motion for leave to amend was intended to avoid. See *Arrigo*, 836 F.3d at 800. GLI will have the opportunity to appeal the motion to amend upon the conclusion of *Andersson I*.

  In a separate motion, Andersson seeks sanctions pursuant to Rule 11. The Federal Rules of Civil Procedure allow the Court to impose sanctions where a party has filed any pleading, written motion or other paper with the court for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. Filings must be warranted by existing law or "by a nonfrivolous argument for extending, modifying, or reversing

existing law or for establishing new law," and factual contentions must have evidentiary support after a reasonable opportunity for discovery. Fed. R. Civ. Proc. 11(b). Andersson accuses GLI of violating Rule 11 by filing the late motion to amend and bringing the second lawsuit, accusing GLI of driving up the cost of litigation and attempting to harass Andersson.

## Conclusion

For the reasons set forth above, Defendant's Motion to Dismiss (Docket No. 9) is **_granted_**. Defendant's Motions for Sanctions (Docket No. 19) is **_denied_**.

**SO ORDERED.**

                                                                                            _/s/ Timothy S. Hillman_
                                                                                            **TIMOTHY S. HILLMAN**
                                                                                            **SENIOR DISTRICT JUDGE**